The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB ATKINSON,

    Plaintiff,

v.

PENNEY OPCO LLC, *et al.*,

    Defendants.

NO. 23-cv-1806-BJR

**ORDER GRANTING REMAND**

## I.     INTRODUCTION

Plaintiff, Jacob Atkinson, originally filed this case in King County Superior Court alleging that Defendant, Penney OpCo LLC ("Penney") had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Penney removed the case to this Court on the basis of diversity jurisdiction and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(a), (d); 1453. *See* Notice of Removal, ECF No. 1. Now pending before the Court is Plaintiff's motion to remand this case. Mot., ECF No. 14. Having reviewed the materials[1] and

---

[1] Including the motion, ECF No. 14; response in opposition, ECF No. 15; and reply, ECF No. 18.

ORDER GRANTING REMAND

- 1

the relevant legal authorities, the Court will grant Plaintiff's motion and remand this case to King County Superior Court. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On March 3, 2023, Jacob Atkinson applied to work for Penney in Lynnwood, Washington. Compl. ¶¶ 8, 14-15; Ex.1, ECF No. 1-2. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶¶ 14-15; Ex.1. Mr. Atkinson claims to represent more than 40 potential class members who also applied for jobs with Penney for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. Mr. Atkinson's complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants. In his remand motion, Mr. Atkinson refers to prior decisions this Court has made in other cases, arguing that similarly, his case must be remanded because this Court lacks subject matter jurisdiction due to his failure to plead Article III standing. Mot. 1-3. He also contends that the Court lacks both CAFA and diversity jurisdiction. *Id.* at 1, 4-8.

## III.   LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses

ORDER GRANTING REMAND
- 2

1  to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*
2  *of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

3  Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
4  (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must
5  overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443
6  F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there
7  is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court
8  resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d
9  1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it
10 appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded"
11 to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

Penney argues in detail why this Court has federal jurisdiction under CAFA and diversity jurisdiction. Opp'n 3-4, 8-12, ECF No. 15. "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). And as mentioned above, jurisdiction is based on the pleadings filed at the time of removal, so the Court must look to Mr. Atkinson's first amended complaint provided to the Court with the notice of removal.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac.*

ORDER GRANTING REMAND
- 3

1  *Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to

2  represent a class establishes the requisite of a case or controversy with the defendants, none may

3  seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*,

4  414 U.S. 488, 494 (1974))); s*ee also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018,

5  1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks

6  standing, the court need never reach the class action issue."). Whether plaintiffs have Article III

7  standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth*

8  *v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

9        "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is

10 concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the

11 defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v.*

12 *Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

13 (1992)). Further, "each element must be supported in the same way as any other matter on which

14 the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the

15 successive stages of the litigation." *Lujan*, 504 U.S. at 561.

16       As Mr. Atkinson argues, this Court has found in similar— virtually identically pleaded—

17 cases, that the plaintiffs failed to allege that they applied for the posted positions in good faith with

18 a genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No.

19 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D.

20 Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). The Court concluded

21 that a violation of the statutory provision at issue here—a job posting with no compensation

22 information included—is a technical or procedural violation that by itself does not manifest

23 concrete injury but requires a bona fide applicant before there is a risk of harm. Consequently, there

24 ORDER GRANTING REMAND

25  - 4

was no allegation of injury sufficiently concrete for the purposes of Article III. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1118 (9th Cir. 2017)).

When a plaintiff lacks Article III standing, the district court must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Here, Penney, as the "party invoking federal jurisdiction," has not met its burden of demonstrating a case or controversy under Article III standing at this stage of litigation. Because Plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c). As such, the Court need not address the arguments relating to diversity or CAFA jurisdiction.

## V.    CONCLUSION

For the foregoing reasons,

1. Plaintiff's Motion to Remand, ECF No. 14, is GRANTED.
2. This case is remanded to King County Superior Court.

DATED this 30th day of July 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING REMAND

- 5